■ SALLY BARONE, Respondent, v JOSEPH BARONE, Respondent, and DORIS L. SASSOWER, Appellant. — In an action for divorce, Doris Sassower appeals from an order of the Supreme Court, Westchester County (Sullivan, J.), entered July 20, 1979, which denied her motion to intervene in the divorce action or to resettle the judgment of divorce entered April 28, 1977. Order affirmed, without costs or disbursements. In her continuing efforts to recover her fee, Mrs. Sassower, shortly after the decision was rendered in her plenary action (see *Sassower v Barone,* 86 AD2d 891), applied, by notice of motion dated May 21, 1979, for leave to intervene in the matrimonial action or, in the alternative, to resettle the counsel fee award, made in the divorce judgment, claiming the unfairness of her loss of the right to appeal the inadequacy of the award by reason of the acts of the parties and referring to the dicta in the decision of her plenary action in which the court had stated that, except for its "philosophical" adjustment, the value of her services was $40,000. From this record it appears that a formal stipulation of discontinuance of the appeals, dated May 31, 1979, was filed with this court. It provided that it was "without prejudice to the position of the parties that each of said appeals have been previously withdrawn and discontinued by them." On June 20, 1979, Mrs. Sassower, in an affirmation to this court, opposed the filing of the stipulation of discontinuance insofar as it affected her own right to appeal. By order of this court dated June 26, 1979, it was stated that the appeal and cross appeal were "deemed withdrawn", without qualification. Appellant's appeal to the Court of Appeals was dismissed *sua sponte,* on October 18, 1979, on the ground that "no appeal lies" (*Barone v Barone,* 48 NY2d 713). There is no merit to appellant's contentions on this appeal. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.